James A. **MARTIN,** John A. Dean, Arthur Benton, Charles H. Darling, and Robert W. Compton

v.

CITY OF BEAUMONT and George Schuldt, In his Official Capacity as Chief of Police, Beaumont, Police Department.

Civ. A. No. B–87–1076–CA.

United States District Court, E.D. Texas, Beaumont Division.

March 10, 1989.

Leopoldo Fraga, Jr., Fraga & Associates, Houston, Tex., for plaintiffs.

Frank D. Calvert, Benckenstein, Oxford, Radford & Johnson, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

This action is brought by James A. Martin and four other black police officers presently and formerly employed by the City of Beaumont who have brought suit under 42 U.S.C. §§ 1981, 1983, and 2000e, alleging racial discrimination, and seeking damages, lost wages and injunctive relief. In addition, the officers seek, pursuant to FED.R.CIV.P. 23, to have the action certified as a class action, including as parties all black police officers who have been employed by the Beaumont Police Department since 1979.

At an evidentiary hearing to determine whether class action certification is appropriate, each of the five plaintiffs testified that there was a pervasive attitude in the supervisory personnel that prevented promotion opportunities based on race. At present there are twenty-five black police officers employed by the Beaumont Police Department; of whom, none of the other twenty-two black police officers have joined in the suit. The total police department employs 228 officers.

However, when considering various numbers of officers who have been employed by the Beaumont Police Department, times of employment and departures are important. Since 1979, approximately fifty-two black officers have been employed by the Beaumont Police Department.[1] The court finds, however, given the date of filing of

---

1. Both sides rely upon plaintiffs' Exhibit 12 as establishing the numbers and identities of black officers employed by the force. However, among those excluded from the list are Officers Dean and Compton. The court will, of course, also include in its findings the officers listed in defendants' Exhibit 1.

this action and the application of the controlling statute of limitations, that September 17, 1985, is the relevant starting date for numerosity considerations. Defendants concede that thirty-two black officers, other than the four named plaintiffs, have been employed since this time. Thirteen black officers, other than two of the plaintiffs, have either resigned or been terminated at some point since September 17, 1985.

Since 1985, three officers have been terminated without being later rehired: Reginald Boseman, Charles Darling, and Joseph Eaglin. One of the police officers who is now a plaintiff, Charles H. Darling, was terminated because it was reported that he physically assaulted a woman with whom he had a live-in relationship, and placed her in handcuffs in a public place while he was in his Beaumont Police Department uniform. The initial complaint was made by the live-in girlfriend, known by Officer Darling to be a convicted felon. Officer Darling was given an arbitration hearing pursuant to the contract between the Beaumont Police Officers Association, the bargaining unit for the Beaumont Police Department, and the City of Beaumont. Pursuant to the arbitration hearing, the termination of Officer Darling was upheld, based on the assault, on his failure to communicate his whereabouts, and on his failure to maintain a working phone number.

Another officer, Joseph Eaglin, was terminated for omitting material matters on his initial job application. Finally, Reginald Boseman was terminated during his initial probationary period.

Since 1979, the following black officers have been terminated and rehired: Gabriel Duriso, James Martin, Johnny Rice, and Jeremiah Wimbley. Arthur Benton, who is not currently with the Beaumont Police Department, was terminated on two occasions. Of these terminations, only Officer Martin's occurred after September 17, 1985.

Several officers have resigned freely since 1985. Although Harry Lewis resigned from the Department, he had attended law school at night and resigned in order to become an Assistant in the Criminal District Attorney's Office in Jefferson County, Texas. One of the black officers, Mary Thibodeaux, resigned for a better job at the Jefferson County Probation Department. Officer Mickey Hayes resigned for a job with the City of Beaumont Planning Division. Officer Edmund Petry left to become a member of the Fort Worth Police Department, but then returned to the Beaumont Police Department. Officer Mark Wilson left permanently to become a member of the Fort Worth Police Department. He testified that one of the reasons he left the Beaumont Police Department was because of the harassment he experienced from other officers; he felt that the harrassment was racially motivated in part. Others who have resigned include: William Devine, Jerry Grant, Anthony Ruben, and Kenneth Sam. Of these four officers, no evidence was presented that any of them were forced to resign, and the Chief of the Beaumont Police Department testified that they all left voluntarily.

According to the bargaining agreement and the practice concerning promotions, periodic tests or written examinations are given to determine the eligibility of all patrolmen for promotion. Procedures provide that when two officers have the same score, and are eligible for promotion, the officer with the most seniority is promoted.

The evidence further presented by the plaintiffs shows since 1979 there have only been three black officers who have passed the promotion examination and have been eligible for promotion to sergeant, although many officers, minorities included, have taken the examination.[2] They are the plaintiff Dean, who is now a sergeant; Harry Lewis, who was first promoted to sergeant in 1978; and Charles Tyler, who

---

**2.** There has been nothing produced as evidence that the examinations are discriminatory in violation of the principles set forth in *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), and *Bernard v. Gulf Oil*

*Corp.*, 841 F.2d 547, 562 (5th Cir.1988). Neither is there any pleading claiming such unfairness, nor did plaintiffs' counsel assert any such claim in the evidentiary hearing.

passed the examination and was promoted to sergeant.

 In determining whether to certify a class action, the court must make an initial determination as to the numerosity of the possible plaintiffs. Taking into account the twenty-five present officers, the court does not find that the plaintiffs have met their burden to show that possible plaintiffs are so numerous they cannot be joined if any of them have any complaint with those who have been terminated, or have resigned. The plaintiffs' attorneys know their names, and how to locate such former Beaumont Police Department officers. The former officers can bring separate suits if any of them so desire, and if any do so, such actions would likely be consolidated with this suit for trial.

As to the so-called requirement of commonality, the court finds that the complaints of racial epithets in a police station locker room are not such as to purely constitute discriminatory hiring practices, or discriminatory promotion practices. The police officers are now hired in equal numbers from three groups: (1) white males; (2) females; and (3) minorities. Promotions are on a merit basis. There has been no showing at the evidentiary hearing of a failure to promote those eligible for promotion.

As to the requirement of typicality, I find that all claims are not typical. For instance, Officer Dean has been promoted to sergeant, and remains a sergeant, even though he has had fifteen reprimands. Officer Darling was terminated after his girlfriend complained of an assault made by him. Officer Martin was suspended for fifteen days after he had repossessed an automobile for his girlfriend while he was in a Beaumont Police Department uniform.

Rule 23 requires class representatives who will fairly and adequately protect and represent the legal interests of all of the members of the proposed class. From all of the evidence introduced at the evidentiary hearing, the court finds the plaintiffs have failed to meet this requirement.

Because the court finds the plaintiffs failed in their evidence for a class action, the court declines to certify this action as a class on the evidence presented by the plaintiffs. If this matter must be revisited upon further interventions by others similarly situated, the court will consider such a motion.